**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE No. 4:20-bk-01697-RNO |
| | ) | |
| Jason E. Bainbridge, | ) | |
| | ) | CHAPTER 13 |
|     Debtor. | ) | |
| | ) | |
| Police and Fire Federal Credit Union, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jason E. Bainbridge, Debtor; and | ) | |
| Charles J. DeHart, III, Trustee; | ) | |
| | ) | |
|     Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**POLICE AND FIRE FEDERAL CREDIT UNION'S LIMITED OBJECTION TO
CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN**

The Police and Fire Federal Credit Union ("PFFCU"), through its counsel Dilworth

Paxson LLP, files this Limited Objection to Confirmation of the Debtor's Second Amended

Chapter 13 Plan and states as follows:

1.    PFFCU is a federal credit union through which the Debtor obtained motor vehicle

financing to purchase a 2011 Kia Sportage (the "Vehicle").

2.    On July 18, 2018, the Debtor executed a Retail Installment Sale Contract (the "Loan

Agreement") through which he obtained a loan in the amount of $13,792.17, payable

at 4.99% interest (the "Loan") to purchase the Vehicle.

3.    The Loan is secured by a purchase money security interest in the Vehicle, which

is required to be located at the Debtor's residence.  PFFCU is unaware of any

other liens secured by the Vehicle.

4. On May 31, 2020 (the "Petition Date"), the Debtor initiated the instant Chapter 13 case. Prior to the Petition Date, PFFCU had not initiated enforcement action with respect to the Vehicle.

5. Because the Loan was obtained within 910 days before the Petition Date, the Loan must be paid in full by the Debtor pursuant to 11 U.S.C. §1325(a). The Debtor does not state his intention with respect to the Vehicle and claims no exemption in the Vehicle.

6. The Debtor has not made his postpetition payments for the months of June, July or August of 2020 and is in arrears to PFFCU in the amount of $747.90, post-petition. His September monthly payment, pursuant to the terms of the Loan Agreement, of $249.30 will become due on September 30, 2020.

7. The Debtor's second amended plan, filed on August 15, 2020, proposes that the Debtor will make payments directly to PFFCU on account of the Loan. The second amended plan also provides that the Debtor's step-daughter provides funding for the Debtor to make his payments to PFFCU and to cover the insurance and maintenance on the Vehicle.

8. The Debtor's stepdaughter has no contractual relationship with PFFCU and is not the title owner of the Vehicle. To the extent that the Vehicle is not in the Debtor's possession and/or the Debtor is proposing not to remain personally responsible to PFFCU for repayment of the Loan, the Debtor is proposing a "straw purchase" scenario that is not permissible.

9. PFFCU objects to the Debtor's second amended plan to the extent that the Debtor does not reaffirm his obligations to PFFCU under the Loan Agreement and to the

121660785_1

extent that the Debtor does not intend to retain ownership and possession of the Vehicle to protect PFFCU's security interest therein.

**WHEREFORE**, Police and Fire Federal Credit Union requests that confirmation of the Debtor's proposed second amended plan be conditioned on the Debtor reaffirming his obligations to PFFCU under the Loan Agreement and agreement to retain ownership and possession of the Vehicle.

Respectfully submitted,

Dated:     September 18, 2020

By:  /s/  Martin J. Weis
Martin J. Weis (PA ID No. 51379)
Anne M. Aaronson (PA ID No. 82118)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Phone: (215) 575-7200
mweis@dilworthlaw.com

Attorneys for Police and Fire Federal Credit Union