of the Debtor has failed to make those payments, the Debtor will file another amended plan providing for the surrender of the Vehicle, as Section 1325(a)(5) clearly permits the Debtor to do. The only issue under these circumstances is whether Creditor would be permitted to file a deficiency claim - if it had actually filed an allowed claim in this case in the first place. The prevailing view in most of the bankruptcy courts - including the Middle District of Pennsylvania - is that Section 1325(a) does not permit bifurcated claims in Chapter 13 cases. As Judge France stated in In re Price, 1:06-bk-01457-MDF (Bankr. M.D. Pa 2005),

> The majority courts have disagreed, finding that there is no mechanism for bifurcating the secured claim *except* by invoking § 506. In *In re Gentry*, 2006 WL 3392947 (Bankr. E.D. Tenn.), the bankruptcy court held that the hanging paragraph's "unambiguous mandate results in the elimination of a secured claim's unsecured component, that is, its deficiency." *Id.* at *4 (citing *In re Ezell*, 338 B.R. 330, 341 (Bankr. E.D. Tenn. 2006) (internal quotations omitted.) Therefore, *Gentry* concluded that it had "no choice but to interpret the Hanging Paragraph as written, *i.e.* that it applies to both [] § 1325(a)(5)(B) and ©." *Gentry* at *4. I agree with the conclusion in *Gentry* that the plain language of the hanging paragraph states that it is applicable to the entirety of § 1325(a)(5) and not just § 1325(a)(5)(B).

6. Admitted.

7. Denied. This assertion that the proof of claim ("Claim") was filed on June 24, 2020 is also plainly false. The Claim, which is identified as Claim 13 on the docket, is certainly dated June 24, 2020, so it is evident that Creditor had received notice of this case by June 24, 2020. But there is also an envelope attached to the Claim which has a postage-meter postmark of July 29, 2020, and a post-office mark of July 31, 2020. The envelope is addressed to Bankruptcy Court, US Courthouse & Federal Building, 240 West Third Street, Williamsport, PA 17701. There is no bankruptcy court in Williamsport PA. There is also no indication as to when the Claim was received by the US Courthouse & Federal Building. The Form 3091 in this case clearly directs creditors to file claims at "197 S Main St, Wilkes‑Barre, PA 18701 OR 228 Walnut St, Rm320,Harrisburg, PA 17101." In Chapter 13 cases, missing the bar date for claims in a bankruptcy case is fatal to the claimant. Section 502(b)(9) of the Bankruptcy Code forbids allowance of a late claim unless the claim is considered timely pursuant to the Federal Rules of Bankruptcy