In re
Jason E Bainbridge  	Case No 4:20-bk-01697-RNO

Police and Fire Federal Credit Union
    Movant
v

Jason E Bainbridge
Charles DeHart III
    Respondents

## ANSWER OF DEBTOR TO STAY RELIEF MOTION OF LIENHOLDER

Jason E Bainbridge (the "Debtor"), by the Debtor's attorney, Robert Spielman, states the following:

1. Admitted.

2. Admitted.

3. Admitted in part and denied in part. It is admitted that the Loan is secured by the Vehicle. It is denied that the Loan Agreement requires the Vehicle to be located at the Debtor's residence. That portion of the assertion is false. There is no provision in the Loan Agreement - which identifies itself as the entire agreement between the parties - governing the location or operation of the Vehicle.

4. Admitted.

5. Denied. It is also plainly false that Section 1325(a) requires that "910 day" loans be paid in full. To the contrary, Section 1325(a)(5)© provides that a bankruptcy court "shall confirm" a plan if "with respect to [an] allowed secured claim provided for by the plan . . [when] the debtor surrenders the property securing such claim to [the] holder [of the secured claim]." Further, in the initial plan, the Debtor provided for the surrender of the Vehicle, with a notation that a relative of the Debtor would be making the payments. Counsel for the Police and Fire Federal Credit Union ("Creditor") objected to that provision and stated that they would seek stay relief on that basis alone. The Debtor then filed an amended plan that provided that the Debtor would retain the Vehicle, again with a provision that a relative of the Debtor would be making the payments. Since the relative

of the Debtor has failed to make those payments, the Debtor will file another amended plan providing for the surrender of the Vehicle, as Section 1325(a)(5) clearly permits the Debtor to do. The only issue under these circumstances is whether Creditor would be permitted to file a deficiency claim - if it had actually filed an allowed claim in this case in the first place. The prevailing view in most of the bankruptcy courts - including the Middle District of Pennsylvania - is that Section 1325(a) does not permit bifurcated claims in Chapter 13 cases. As Judge France stated in In re Price, 1:06-bk-01457-MDF (Bankr, M.D. Pa 2005),

> The majority courts have disagreed, finding that there is no mechanism for bifurcating the secured claim *except* by invoking § 506. In *In re Gentry*, 2006 WL 3392947 (Bankr. E.D. Tenn.), the bankruptcy court held that the hanging paragraph's "unambiguous mandate results in the elimination of a secured claim's unsecured component, that is, its deficiency." *Id.* at *4 (citing *In re Ezell*, 338 B.R. 330, 341 (Bankr. E.D. Tenn. 2006) (internal quotations omitted.) Therefore, *Gentry* concluded that it had "no choice but to interpret the Hanging Paragraph as written, *i.e.* that it applies to both [] § 1325(a)(5)(B) and ©." *Gentry* at *4. I agree with the conclusion in *Gentry* that the plain language of the hanging paragraph states that it is applicable to the entirety of § 1325(a)(5) and not just § 1325(a)(5)(B).

6. Admitted.

7. Denied. This assertion that the proof of claim ("Claim") was filed on June 24, 2020 is also plainly false. The Claim, which is identified as Claim 13 on the docket, is certainly dated June 24, 2020, so it is evident that Creditor had received notice of this case by June 24, 2020. But there is also an envelope attached to the Claim which has a postage-meter postmark of July 29, 2020, and a post-office mark of July 31, 2020. The envelope is addressed to Bankruptcy Court, US Courthouse & Federal Building, 240 West Third Street, Williamsport, PA 17701. There is no bankruptcy court in Williamsport PA. There is also no indication as to when the Claim was received by the US Courthouse & Federal Building. The Form 3091 in this case clearly directs creditors to file claims at "197 S Main St, Wilkes‑Barre, PA 18701 OR 228 Walnut St, Rm320,Harrisburg, PA 17101." In Chapter 13 cases, missing the bar date for claims in a bankruptcy case is fatal to the claimant. Section 502(b)(9) of the Bankruptcy Code forbids allowance of a late claim unless the claim is considered timely pursuant to the Federal Rules of Bankruptcy

Procedure; Rule 3002(c) of those rules specifies the time for filing claims in Chapter 13 cases and Rule 9006(b)(3) prohibits the enlargement of time other than provided by Rule 3002(c). In this case, despite the Creditor's assertion, there is no question as to the "whereabouts" of the Claim. It was sent to the wrong location and did not arrive at the Bankruptcy Court until the date it was docketed. The excusable neglect arguments only apply in Chapter 11 and Chapter 9 cases, but it is worth noting here: that the Creditor has over $5 billion in assets and is not an unsophisticated lender; that the Creditor is represented by an experienced law firm with hundreds of attorneys; that there is no indication on the docket that any effort was made at any time by the Creditor or its counsel to contact the Clerk or look at the claims docket to determine if its Claim had been docketed; that no self-addressed stamped envelope accompanied the Claim so that the Creditor could verify its timely arrival; and that no motion was ever filed by the Creditor to extend that filing deadline.

8. Denied. The Debtor's valuation is based upon a Blue Book valuation. The value asserted by the Creditor is denied, for the simple reason that the Creditor has not inspected the Vehicle, has no knowledge of its mileage or condition, and no conceivable way to arrive at a conclusion as to its value.

9. Admitted.

10. Admitted in part and denied in part. It is admitted that the contents of the amended plan are correctly stated. However, the reason for this provision, after consultation with Debtor's counsel, was to allow the relative to retain the vehicle is she stayed current on the payments. As noted above, Creditor wanted stay relief if the plan provided for the Vehicle's surrender, even if payments were current.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

**WHEREFORE**, the Debtor requests that the motion be stricken; and that the Court grant such other relief as is just.

**LAW OFFICES OF ROBERT SPIELMAN, P.C.**


**BY: /s/ Robert Spielman**
Robert Spielman
PA ID No 21489
29 East Main Street Ste D
Bloomsburg, PA 17815-1485
570-380-1072
FAX 570-784-3429
E-mail bobspielman@yahoo.com
Website robertspielman.com

Bloomsburg, Pennsylvania
Dated:  September 24, 2020

## CERTIFICATION OF SERVICE

      I, Robert Spielman, 29 East Main Street, Bloomsburg, PA 17815-1485 certify: that I am, and at all times hereinafter mentioned was, more than 18 years of age; and that on the date set forth below, I served a copy of the annexed Answer on:

Charles J DeHart III
8125 Adams Dr Ste A
Hummelstown PA 17036

Martin J. Weis (PA ID No. 51379)
Anne M. Aaronson (PA ID No. 82118)
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Phone: (215) 575-7200
mweis@dilworthlaw.com

by first class mail, postage prepaid, addressed as set forth above, or by electronic transmission. I certify under penalty of perjury that the foregoing is true and correct.

**LAW OFFICES OF ROBERT SPIELMAN, P.C.**


**BY: /s/ Robert Spielman**
Robert Spielman
PA ID No 21489
29 East Main Street Ste D
Bloomsburg PA 17815-1485
570-380-1072
FAX 570-784-3429
E-mail bobspielman@yahoo.com
Website robertspielman.com

Bloomsburg, Pennsylvania
Dated: September 24, 2020