# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                       )      BANKRUPTCY CASE No. 4:20-bk-01697-RNO

Jason E. Bainbridge,         )

           Debtor.        )      CHAPTER 13

Police and Fire Federal Credit Union,  )

        Movant,        )

vs.                       )

Jason E. Bainbridge, Debtor; and   )
Charles J. DeHart, III, Trustee;    )

        Respondents.     )

## STIPULATION AND CONSENT ORDER
## RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

WHEREAS, on May 31, 2020 (the "Petition Date"), Jason E. Bainbridge (the "Debtor")

filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court

for the Middle District of Pennsylvania;

WHEREAS, the Debtor is the owner of a 2011 Kia Sportage, VIN#

KNDPCCA20B7090171 (the "Vehicle"), against which the Police and Fire Federal Credit

Union ("PFFCU") holds a security interest as a result of financing provided to the Debtor under a

retail installment sale contract dated July 18, 2018 (the "Auto Loan");

WHEREAS, due to the Debtor'' post-petition defaults resulting from his failure to timely

remit monthly payments for the months of July, August and September of 2020, each in the

amount of $249.30, PFFCU sought relief from the automatic stay to exercise its rights with respect to the Vehicle;

WHEREAS, subsequent to the MFR being filed, the Parties engaged in discussions to resolve the MFR, the Debtor has decided to surrender the Vehicle to PFFCU;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1.     In resolution of the MFR, the Debtor and PFFCU agree that within three (3) days of the Parties' execution of this agreement, the Debtor shall surrender possession of the Vehicle to PFFCU by providing PFFCU with the location of the Vehicle and the date, time and location where PFFCU can retrieve the Vehicle and its' keys from the Debtor.  Until possession of the Vehicle is turned over by the Debtor to PFFCU, the Debtor shall maintain insurance coverage on the Vehicle.

2.     Should the Debtor fail to surrender the Vehicle as provided in the foregoing paragraph: (i) counsel for PFFCU may notify the Chapter 13 Trustee and counsel to the Debtor of such default; (ii) this Stipulation shall be null and void and the Parties restored to their positions immediately prior to execution of this Stipulation; (iii) upon PFFCU's request, the hearing on PFFCU's motion for relief from the automatic stay shall be reinstated; and (iv) the Debtor shall remain obligated to provide for repayment of the Auto Loan in full pursuant to 11 U.S.C. § 1325(a) until the Vehicle is properly surrendered to PFFCU.

3. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by his or her undersigned counsel.

4. If the instant bankruptcy case is terminated by either dismissal, conversion or discharge, this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

5. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

6. The signature pages of this Stipulation may be executed in counterparts, and all such signature pages, when attached, shall constitute the entire document.

CONSENTED TO BY:      DILWORTH PAXSON LLP

DATED: October 13, 2020     */s/ Anne M. Aaronson*
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19102
*Attorney for PFFCU*

CONSENTED TO BY:      LAW OFFICE OF ROBERT SPIELMAN

DATED: October 13, 2020     */s/ Robert Spielman*
Robert Spielman
29 East Main St.
Bloomsburg, PA 17815
*Attorney for Debtor, Jason E. Bainbridge*